DAWN DEMAS SUMMEY, on behalf of
herself and others similarly situated

CASE NO.: 6:24-cv-01861

    Plaintiff

v.

AFFORDABLE SOLAR ROOF & AIR, LLC

    Defendant.

_____/

## **DEFENDANT AFFORDABLE SOLAR ROOF & AIR, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

Defendant Affordable Solar Roof & Air LLC ("Defendant") hereby answers the Class Action Complaint ("Complaint") of Dawn Demas Summey ("Plaintiff"), responding to the correspondingly numbered paragraphs[1], as follows:

### **Preliminary Statement**

1. Answering Paragraph 1 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

---

[1] The Complaint's headings are repeated herein for organizational purposes only, but should considered denied. Further, the Complaint repeats numbering for paragraphs 1 – 6, which Defendant shall also repeat under the respective headings for organizational purposes.

2. Answering Paragraph 2 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

3. Answering Paragraph 3 of the Complaint, Defendant admits only that Plaintiff attempts to allege a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Defendant denies impermissively placing calls to individuals who listed their telephone numbers on the National Do Not Call Registry in violation of the TCPA.

4. Answering Paragraph 4 of the Complaint, Defendant admits only that Plaintiff attempts to allege a claim under the Florida Telephone Solicitations Act, Fla. Stat. § 501.059 ("FTSA"). Defendant denies using an automated system to place calls to Florida residents in violation of the FTSA.

5. Answering Paragraph 5 of the Complaint, Defendant denies that it placed illegal calls, denies that this action is proper for class treatment, and denies that class-wide relief is appropriate or available.

6. Answering Paragraph 6 of the Complaint, Defendant denies that it placed illegal calls, denies that this action is proper for class treatment, and denies that class-wide relief is appropriate or available.

**Parties**

1. Answering Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

2. Answering Paragraph 2 of the Complaint, Defendant admits that it is a limited liability company based in Florida.

### Jurisdiction & Venue

3. Answering Paragraph 3 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

4. Answering Paragraph 4 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

5. Answering Paragraph 5 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

### The Telephone Consumer Protection Act

6. Answering Paragraph 6 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

7. Answering Paragraph 7 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

8. Answering Paragraph 8 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

9. Answering Paragraph 9 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

10. Answering Paragraph 10 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

11. Answering Paragraph 11 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

12. Answering Paragraph 12 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

13. Answering Paragraph 13 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

14. Answering Paragraph 14 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

**Factual Allegations**

15. Answering Paragraph 15 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

16. Answering Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

17. Answering Paragraph 17 of the Complaint, Defendant denies these allegations.

18. Answering Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

19. Answering Paragraph 19 of the Complaint, Defendant denies these allegations.

20. Answering Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

21. Answering Paragraph 21 of the Complaint, Defendant denies these allegations.

22. Answering Paragraph 22 of the Complaint, Defendant denies these allegations, denies that this action is proper for class treatment, and denies that class-wide relief is appropriate or available.

## Class Action Statement

23. Answering Paragraph 23 of the Complaint, Defendant admits only that Plaintiff purports to bring this action as a class action. Except as stated, Defendant denies that any class should be certified in this action, denies that any class definition is proper, and denies that this action is appropriate for class treatment.

24. Answering Paragraph 24 of the Complaint, Defendant admits only that Plaintiff purports to bring this action as a class action. Except as stated, Defendant denies that any class should be certified in this action, denies that any class definition is proper, and denies that this action is appropriate for class treatment.

25. Answering Paragraph 25 of the Complaint, Defendant denies that any class should be certified in this action, denies that any class definition is proper, and

denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

26. Answering Paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them. Further, Defendant denies that any class should be certified in this action, denies that any class definition is proper, and denies that this action is appropriate for class treatment.

27. Answering Paragraph 27 of the Complaint, Defendant denies these allegations.

28. Answering Paragraph 28 of the Complaint, Defendant denies these allegations.

29. Answering Paragraph 29 of the Complaint, Defendant denies these allegations.

30. Answering Paragraph 30 of the Complaint, Defendant denies these allegations, including all subparts.

31. Answering Paragraph 31 of the Complaint, Defendant denies these allegations.

32. Answering Paragraph 32 of the Complaint, Defendant denies these allegations.

33. Answering Paragraph 33 of the Complaint, Defendant denies these allegations.

34. Answering Paragraph 34 of the Complaint, Defendant denies these allegations.

**Legal Claims**

**FIRST CAUSE OF ACTION**
**Violations of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059 on behalf of Plaintiff and the FTSA Class**

35. Answering Paragraph 35 of the Complaint, Defendant incorporates by reference its responses to the foregoing paragraphs of the Complaint as though fully set forth herein. Defendant denies that this cause of action is suitable for class treatment.

36. Answering Paragraph 36 of the Complaint, Defendant denies that any class should be certified in this action, denies that any class definition is proper, and denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

37. Answering Paragraph 37 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies it violated the FTSA, and further denies the allegations to the extent they misstate the law.

38.     Answering Paragraph 38 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies it violated the FTSA, and further denies the allegations to the extent they misstate the law.

39.     Answering Paragraph 39 of the Complaint, Defendant denies these allegations.  Defendant further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

40.     Answering Paragraph 40 of the Complaint, Defendant denies these allegations.  Defendant further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

41.     Answering Paragraph 41 of the Complaint, Defendant denies these allegations.  Defendant further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

42.     Answering Paragraph 42 of the Complaint, Defendant denies these allegations.  Defendant further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act, Violation of 47 U.S.C. § 227 on behalf of Plaintiff and the TCPA Do Not Class Registry Class**

43.     Answering Paragraph 43 of the Complaint, Defendant incorporates by reference its responses to the foregoing paragraphs of the Complaint as though fully set forth herein.  Defendant denies that this cause of action is suitable for class treatment.

44.     Answering Paragraph 44 of the Complaint, Defendant denies these allegations.  Defendant further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

45.     Answering Paragraph 45 of the Complaint, Defendant denies these allegations.

46.     Answering Paragraph 46 of the Complaint, Defendant denies these allegations.  Defendant further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

47.     Answering the PRAYER FOR RELIEF of the Complaint, including its subparts, Defendant denies that Plaintiff and the members of the purported class she seeks to represent are entitled to any relief whatsoever, including without limitation

to class certification, statutory damages, treble damages, or any other relief whatsoever.

48. Answering the JURY DEMAND of the Complaint, Defendant admits that Plaintiff requests a trial by jury. The remainder of the allegations are legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

49. Defendant reserves the right to compel contractual arbitration.

## SECOND AFFIRMATIVE DEFENSE

50. Plaintiff and others alleged to be members of the purported class lack standing to bring or maintain the claims asserted in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

51. The Complaint fails to state a claim upon which relief can be granted against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims and the claims of other alleged to be members of the purported class are barred in whole or in part by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

53. Plaintiff and others alleged to be members of the purported class are bated from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, and/or other equitable doctrines.

## SIXTH AFFIRMATIVE DEFENSE

54. Defendant expressly reserves any defenses under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

## SEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims and the claims of other alleged to be members of the purported class are barred in whole or in part because they have failed to mitigate their alleged damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

56. Defendant's conduct was privileged and/or justified.

## NINTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims and the claims of other alleged to be members of the purported class may be barred because they provided the applicable consent within the meaning of the TCPA and FTSA for all calls allegedly placed to their cell phone number(s).

## TENTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims and the claims of other alleged to be members of the purported class may be barred because the acts or omission alleged in the Complaint

have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

<strong><u>ELEVENTH AFFIRMATIVE DEFENSE</u></strong>

59.     Plaintiff's claims and the claims of other alleged to be members of the purported class may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

<strong><u>TWELFTH AFFIRMATIVE DEFENSE</u></strong>

60.     Defendant specifically denies that it acted with any willfullness, oppression, fraud, or malice towards Plaintiff or others.

<strong><u>THIRTEENTH AFFIRMATIVE DEFENSE</u></strong>

61.     Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

<strong><u>FOURTEENTH AFFIRMATIVE DEFENSE</u></strong>

62.     Defendant specifically denies that it is vicariously liable for any act, omission, or conduct of any third party.

<strong><u>FIFTEENTH AFFIRMATIVE DEFENSE</u></strong>

63.     If Plaintiff or others alleged to be members of the purported class suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to be the breach, conduct, acts, omissions,

activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

64. If Plaintiff or others alleged to be members of the purported class suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately cause and contributed to by the intervening acts of other, and not by the Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

65. Should Plaintiff or others alleged to be members of the purported class prevail against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims and the claims of other alleged to be members of the purported class may be barred because Plaintiff was not charged for any calls allegedly placed to a cell phone number.

## NINETEENTH AFFIRMATIVE DEFENSE

67. The imposition of liability and/or statutory damages under the TCPA and FTSA as sough in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

## TWENTIETH AFFIRMATIVE DEFENSE

68. Plaintiff's claims and the claims of other alleged to be members of the purported class are precluded from any recovery from Defendant for a willful and knowing violation of the TCPA and FTSA because any such violation (which Defendant denies occurred) would not have been willful or knowing.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

69. Plaintiff's claims and the claims of other alleged to be members of the purported class may be barred by the regulatory safe harbor provision set forth at 47 C.F.R. § 64.1200(c)(2)(i). Defendant has established that implemented, with due care, reasonable practices and procedures to effectively prevent and alleged actions or omissions at issue in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

70. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to state, or during any further discovery proceedings of this case, and hereby reserved the right to amend this Answer and Affirmative Defenses and assert such defenses.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

71. Plaintiff's claims and the claims of other alleged to be members of the purported class are barred in whole or in part because Plaintiff and others alleged to be members of the purported class consented to, ratified, and/or acquiesced to all of the alleged acts or omission s of which they complain. Specifically, Plaintiff

proactively sought solar services through an internet webpage, Plaintiff called back

a solar services broker and consented to direct contact from Defendant, and Plaintiff

advised Defendant of a better time to have a discussion about solar panel installation

based upon the time period within which she was closing on a house.

WHEREFORE, Defendant prays for judgment as follows:

1.  That Plaintiff takes nothing by reason of the Complaint;

2.  For its costs of suit herein;

3.  For attorney's fees according to proof; and

4.  For such other and further relief as this Court may deem just and proper.

Respectfully submitted this 29th day of January, 2025.

/s/ Klarika J. Caplano
Karika J. Caplano, Esq.
Florida Bar No.: 0043496
COATS SCHMIDT, P.A.
4055 Central Ave.
St. Petersburg, FL 33713
Telephone: 727-456-4462
Facsimile: 727-456-4463
Pleadings@coats-schmidt.com
klarika@coats-schmidt.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2025, the forgoing document was electronically served via the Court's CM/ECF system on counsel of records for all parties in accordance with the Federal Rules of Civil Procedure.


/s/ Klarika J. Caplano